UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GONZALO PRISCILIANO-SAN JUAN,

Petitioner,

v.

BLANCHE, et al.,

Respondents.

Case No. 2:26-cv-02654-ART-NJK

Order Appointing Counsel and Deferring Consideration of 28 U.S.C. § 2241 Petition

[ECF No. 1-1]

Petitioner Gonzalo Prisciliano-San Juan, an immigration detainee who is challenging their ongoing federal detention at Nevada Southern Detention Center (NSDC), has filed a *pro se* petition for federal habeas corpus relief under 28 U.S.C. § 2241. (ECF No. 1-1). Petitioner neither paid the $5 filing fee nor applied for *in forma pauperis* status. The Court cannot determine under what statutory authority Petitioner is detained or what constitutional claims they might have, so it defers ruling on the Petition. The Petition also suffers from a procedural defect: Petitioner has not listed NSDC's warden as a respondent in this action. The Court finds that the appointment of counsel is in the interests of justice due to the potential complexities of this case and to permit counsel to file an amended petition if warranted.[1] The Court directs that the Petition be served on the United States Attorney's Office for the District of Nevada (USAO), and it sets an expedited briefing schedule.

It is therefore ordered that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent Petitioner and is directed to file a notice

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or whenever the interests of justice so require. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases.

of appearance (or indicate its inability to represent Petitioner) within 7 days of the date of this Order. If the FPD is unable to represent Petitioner, alternate counsel will be appointed. Appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. If the FPD files a notice of appearance in this matter, it will then have 14 days to file either (1) an amended petition, or (2) a motion to dismiss the Petition. If the FPD files an amended petition, it must also file a motion for leave to proceed *in forma pauperis* on Petitioner's behalf and effectuate service of the amended petition on Respondents.

It is further ordered that the Petition (ECF No. 1-1) is deferred.

It is further kindly ordered that the Clerk of Court:

1. **FILE** the Petition (ECF No. 1-1).
2. **ADD** the USAO to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.
3. **SEND** copies of the Petition (ECF No. 1-1) and this Order to the FPD at ecf_nvchu@fd.org, Petitioner, and the CJA Coordinator for this division.
4. **ADD** John Mattos, Warden, Nevada Southern Detention Center, to the docket as an Interested Party.
5. **SEND** courtesy copies of the Petition (ECF No. 1-1) and this Order to Ashlee Hesman (Mattos's counsel) at ahesman@strucklove.com.

It is further ordered that the USAO must file a notice of appearance within 7 days of the date of this order and file and serve their answer to the amended petition, if one is filed, within 5 days of service of the filing of that amended petition, unless additional time is allowed for good cause shown. Respondents must file any documents referenced or relied upon in their responsive pleading with that pleading. Petitioner will have 3 days to file a reply.

It is further ordered that the USAO must produce the following documents to the FPD (or certify that such documents are not in their custody or control) within 7 days of the date of this order:

1. I-200 Warrant for Arrest of Alien
1. Form I-286 Initial Custody Determination
2. I-862 Notice to Appear
3. Form I-213 Record of Deportable or Inadmissible Alien
4. All immigration court orders in Petitioner's removal proceedings.
5. Documents certifying any appeal of any immigration court orders by Department of Homeland Security or Petitioner.
6. Transcripts and/or audio recordings of any custody redetermination proceedings.

It is further ordered that in order to maintain jurisdiction and provide a prompt resolution, Respondents shall not transfer Petitioner out of this District unless the Court grants a motion or stipulation to modify this order.[2]

DATED: August 25, 2026

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

[2] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").